UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOHN RUNNELLS,

                          Plaintiff,

    -against-

THE CITY OF NEW YORK, a municipal entity; and
New York City Police Officers KRYSTAL PADUANI
(Shield #22879) and "JOHN and/or JANE DOES" Nos.
1, 2, 3, etc. (whose identities are unknown but who are
known to be police officers of the New York City Police
Department); "RICHARD and/or RACHEL ROES" Nos.
1, 2, 3, etc. (whose identities are unknown but who are
known to be supervisory personnel of the New York City
Police Department), all of whom are sued individually
and in their official capacities,

                          Defendants.
------------------------------------------------------------------ X

**13 CIV 2904**

**JUDGE GRIESA**

**VERIFIED
COMPLAINT
AND JURY
DEMAND**

Plaintiff JOHN RUNNELLS, by and through his attorneys Beldock Levine & Hoffman LLP, for his complaint against the defendants named above alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is a civil rights action brought under 42 U.S.C. § 1983 for violations of rights guaranteed to the Plaintiff by the First, Fourth and Fourteenth Amendments to the United States Constitution, and for violations of the laws of the State of New York by defendants THE CITY OF NEW YORK, and New York City Police Officers KRYSTAL PADUANI (Shield #22879), "JOHN and/or JANE DOES" Nos. 1,2,3, etc., and "RICHARD and/or RACHEL ROES" Nos. 1, 2, 3, etc.

2.    Plaintiff seeks redress for substantial injuries he suffered when defendants unlawfully detained, frisked, arrested, and maliciously prosecuted him, as well as for the seizure and

1

destruction of Plaintiff's video recorded images, which were taken while he was exercising his rights under the federal and New York constitutions to document the conduct of the New York City Police Department officers performing their public duties in a public place. Plaintiff was lawfully exercising his First Amendment Right to gather, receive and record information by filming a police traffic checkpoint. When the defendant police officers noticed defendant filming them, they improperly detained Plaintiff, seized his camera, and deleted and/or destroyed several of his video recordings and then falsely charged him with disorderly conduct. When Plaintiff resumed filming the police officers and was questioning them to find out the identity of the officer who had arrested and charged him and to ask why they had arrested deleted his video footage, the police officers again improperly detained Plaintiff, seized his camera, deleted and/or destroyed Plaintiff's additional video recordings, and falsely charged Plaintiff with Harassment, Resisting Arrest, Disorderly Conduct, and Obstructing Governmental Administration.

3.   Plaintiff seeks (i) compensatory damages for loss of liberty, malicious prosecution, physical injury, psychological and emotional distress, damage to personal property, and other financial loss caused by the illegal actions of the defendants; (ii) injunctive relief directing the New York City Police Department to cease arrests in violation of First Amendment rights of persons documenting public police conduct by photographing them or other methods; (iii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iv) such other and further relief, including costs and attorneys fees, as this Court deems equitable and just.

## JURISDICTION

4.   Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

2

5.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and common law claims that are so related to the federal claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

7.      Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

8.      Plaintiff JOHN RUNNELLS, a citizen of the United States, is and was at all times relevant to this complaint a resident of Bronx County, City and State of New York.

9.      Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10.     Defendants NYPD Officers KRYSTAL PADUANI (Shield #22879), JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. are NYPD Police Officers who unlawfully detained, frisked and arrested Plaintiff without suspicion of any

3

illegal activity, lodged false criminal charges against him, seized and destroyed Plaintiff's personal property, and caused him to be maliciously prosecuted.

11. At all times relevant herein, defendants KRYSTAL PADUANI (Shield #22879), JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

12. At the times relevant herein, defendants KRYSTAL PADUANI (Shield #22879), JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. violated clearly established rights and standards under the First, Fourth and Fourteenth Amendments to the United States Constitution and under equivalent New York State constitutional provisions, of which reasonable police officers in their respective circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

13. Plaintiff personally served his Notice of Claim upon the City of New York on July 23, 2012, within ninety days of the events giving rise to his claims. Plaintiff will attend a hearing pursuant to section 50-h of the New York General Municipal Law, which is being scheduled to take place after the conclusion of Plaintiff's criminal trial. This action is filed within one year of the events giving rise to Plaintiff's claims.

## STATEMENT OF FACTS

14. Plaintiff was born and raised in the Bronx. He is 31 year old and is Hispanic. Other than the unlawful arrest described herein, Plaintiff has never been arrested.

15. On the night of April 27, 2012, at approximately 8:45 p.m., Plaintiff used his digital camera to film a police traffic checkpoint at Grand Concourse and Marcy Place, Bronx, New York.

16. While filming this police checkpoint, Plaintiff was seized by Officer Krystal Paduani and an unknown female police officer. The police officers took Plaintiff's camera and placed him in handcuffs.

17. Plaintiff was placed in a police van for approximately ten minutes, after which he was issued a summons for Disorderly Conduct and then released. This summons was later dismissed.

18. The police officers returned Plaintiff's camera to plaintiff. When Plaintiff checked his camera, he found that the video footage he had just taken of the police officers had been deleted.

19. Plaintiff then resumed filming and asked police officers in the area for the names of the officers who had arrested him. Plaintiff also asked why he had been arrested and why they had deleted the video footage from his camera.

20. After being unable to obtain answers to his questions, Plaintiff turned off his camera and was prepared to leave. He was then immediately accosted by multiple police officers who pushed him up against a mailbox, handcuffed him, and seized his camera.

21. On or about the afternoon of Saturday, April 28, 2012, Plaintiff was brought before a judge and arraigned on charges of Resisting Arrest in violation of N.Y. Penal Law § 205.30, Obstructing Governmental Administration in the 2nd degree in violation of N.Y. Penal Law § 195.05, two counts of Harassment in the 2nd degree in violation of N.Y. Penal Law § 240.26, and Disorderly Conduct in violation of N.Y. Penal Law § 240.20. Plaintiff was released on his own recognizance.

22. Plaintiff did not get his camera back until the morning of April 30, 2012. When he did, he found all of the police video footage he had filmed on April 27th had been deleted.

23. Plaintiff took the memory card from his camera to a data recovery service, which was able to identify seven deleted movie files with modification dates of April 27, 2012, but could not restore those videos because the files had been corrupted. Plaintiff was later able to restore some of the deleted video images through the assistance of an expert

24. There were two NYPD security cameras in the vicinity of where Plaintiff was arrested that should have captured the events leading up to and including Plaintiff's arrest on the night of April 27, 2012.

25. On May 25, 2012, Plaintiff's Legal Aid attorney faxed a letter request to the Bronx District Attorney's Office and the NYPD Legal Department to preserve the April 27, 2012 nighttime footage from those two security cameras.

26. The NYPD Legal Department responded to defendant's request with a certification dated June 15, 2012, which represented that there were no documents within the custody, possession or control of the Police Department responsive to defendant's request.

27. Plaintiff has made several court appearances in relation to the charges brought against him. His criminal trial is currently pending.

28. Defendants' conduct caused Plaintiff to suffer loss of liberty, loss of income, emotional and psychological pain, embarrassment, humiliation, and harm to his reputation.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of First, Fourth and Fourteenth Amendment Rights

29. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

6

30. In committing the acts and omissions complained of herein, defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

  a. freedom to engage in protected speech;

  b. the right to be free from unreasonable search and seizure of his person;

  c. the right to be free from arrest without probable cause;

  d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention Plaintiff was aware and to which he did not consent;

  e. the right to be free from the lodging of false criminal charges against him by police officers;

  f. the right to be free from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminates in Plaintiff's favor;

  g. the right to be free from abuse of process;

  h. the right to be free from deprivation of liberty without due process of law; and

  i. the right to equal protection, privileges, and immunities under the laws.

31. As a direct and proximate result of defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth above.

32. The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Municipal Liability Pursuant to 42 U.S.C. § 1983

33. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

34. At all relevant times, the City, acting through the NYPD and the individual defendants, has implemented, followed, or failed to remedy a policy, practice, and/or custom that encouraged the restriction of individual's rights protected by the First Amendment, and in particular, has displayed deliberate indifference toward a widespread practice of retaliation against individuals exercising constitutionally protected speech similar to and/or such as is alleged in this complaint.

35. The defendants' unconstitutional conduct alleged herein was directly and proximately caused by policies, practices, and/or customs devised, implemented, enforced, encouraged and sanctioned by the City including: (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's practices of retaliation against individuals exercising constitutionally protected speech.

36. By displaying deliberate indifference toward a widespread practice of unconstitutional retaliation against individuals exercising constitutionally protected speech, the City caused the Plaintiff to be subjected to the violations of his constitutional rights alleged herein.

37. As a result of the foregoing, Plaintiff suffered the injuries and damages alleged herein.

### THIRD CAUSE OF ACTION
*Respondeat Superior*

38. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

39. At all relevant times, Individual Defendants were employees of the City and were acting within the scope of their employment.

40.     The City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of the Individual Defendants set forth herein.

41. None of the Individual Defendants' actions described above were privileged or within the normal course of police activities. None of the Individual Defendants is entitled to any immunity.

### FOURTH CAUSE OF ACTION
**Violations of the New York State Constitution**

42.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

43.     Defendants subjected Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of rights, privileges, and immunities guaranteed by Article 1, §§ 1, 6, and 12 of the New York State Constitution, including, without limitation, the following:

   a.   Plaintiff was deprived of his rights and privileges guaranteed by Article 1, § 1 of the New York State Constitution;

   b.   Plaintiff was deprived of his right to due process guaranteed by Article 1, § 6 of the New York State Constitution; and

   c.   Plaintiff was deprived of his right to be free from unreasonable searches and seizures guaranteed by Article 1, § 12 of the New York State Constitution.

44.     As a direct and proximate result of defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered the injuries and damages set forth above.

### FIFTH CAUSE OF ACTION
**Assault and Battery**

45.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

9

46. The Individual Defendants, without just cause, wilfully and maliciously used physical force against plaintiff causing his injuries.

47. The Individual Defendants committed the foregoing acts intentionally, wilfully, and with malicious disregard for Plaintiff's rights, and are therefore liable for punitive damages.

### SIXTH CAUSE OF ACTION
#### False Imprisonment

48. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

49. The Individual Defendants, through the foregoing acts, caused Plaintiff to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention Plaintiff was aware and to which he did not consent.

50. The Individual Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

### SEVENTH CAUSE OF ACTION
#### Malicious Prosecution

51. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

52. The Individual Defendants, through the foregoing acts, maliciously commenced a criminal proceeding against Plaintiff, without probable cause to believe Plaintiff was guilty of the crimes charged. This criminal proceeding is currently pending trial.

53. The Individual Defendants committed the foregoing acts intentionally, willfully, and maliciously, and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

54. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

55. The Individual Defendants, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused Plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

56. The Individual Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## NINTH CAUSE OF ACTION
### Negligence

57. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

58. The Individual Defendants owed Plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

59. The Individual Defendants, by the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

60. All of these acts were performed without any negligence on the part of Plaintiff and were the proximate cause of injuries to plaintiff.

## TENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

11

61. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

62. As police officers acting in the performance of their duties, The Individual Defendants owed Plaintiff a duty of care.

63. In breach of that duty, the Individual Defendants foregoing conduct endangered Plaintiff's safety and caused him to fear for his safety.

64. As a result, Plaintiff suffered emotional distress.

## ELEVENTH CAUSE OF ACTION
### Conversion

65. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66. The Individual Defendants destroyed Plaintiff's personal property when they deleted the videos from his camera.

67. Plaintiff did not grant the Individual Defendants permission to delete his videos.

68. No provision of law authorized the Individual Defendants to delete Plaintiff's videos

69. By deleting plaintiff's videos, the Individual Defendants wrongfully assumed possession of them or used or exercised ownership over them without Plaintiff's authorization

70. The Individual Defendants acted with intent to injure Plaintiff, with ill will or spite towards him, with evil or fraudulent motives, or with knowledge that they were violating Plaintiff's property rights and are therefore liable for punitive damages.

71. As a result of the foregoing, plaintiff suffered the injuries and damages alleged herein.

## TWELFTH CAUSE OF ACTION

## Invasion of Privacy

72. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

73. Plaintiff had an expectation of privacy in the contents of his camera.

74. By seizing Plaintiff's camera and searching its contents, the Individual Defendants intruded on that privacy.

75. The Individual Defendants' intrusion would be highly offensive to a reasonable person.

76. The Individual Defendants acted with intent to injure Plaintiff, with ill will or spite towards him, with evil or fraudulent motives or with knowledge that they were violating his rights to privacy in the contents of his camera and are therefore liable for punitive damages.

77. As a result of the foregoing, Plaintiff suffered the injuries and damages alleged herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the Defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from the Individual Defendants to the extent allowable by law;

(c) injunctive relief directing the New York City Police Department to cease arrests in violation of First Amendment rights of persons documenting public police conduct by photographing them or other methods;

(d) attorneys fees;

(e) the costs and disbursements of this action;

(f) interest; and

(g) such other and further relief as this Court deems just and proper.

Dated: New York, NY
April 29, 2013

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

_____
Myron Beldock (MB-4076)
Marc A. Cannan (MC-0513)

*Attorneys for Plaintiff John Runnells*

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

JOHN RUNNELLS, being duly sworn, deposes and says:

Deponent is the plaintiff in the within action. Deponent has read the foregoing Verified Complaint and Jury Demand and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.

*John Runnells*
John Runnells

Sworn to before me this
29th Day of April

_____
Notary Public

MARC A. CANNAN
NOTARY PUBLIC, State of New York
No. 02CA6265836
Qualified in Queens County
Commission Expires 07/16/2016

15